UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

                Petitioner,

                                            CASE NO. 2:18-CV-10451
v.                                      HONORABLE VICTORIA A. ROBERTS

SCOTT STEPHENSON,

                Respondent.
_____/

**OPINION AND ORDER:**
**(1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,**
**(2) DENYING CERTIFICATE OF APPEALABILITY,**
**(3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, AND**
**(4) DENYING MOTION FOR HEARING AND ISSUANCE OF WRIT OF HABEAS CORPUS**

**I.    Introduction**

Duane Letroy Berry ("Petitioner"), currently confined at the Midland County Jail, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 dated January 12, 2018 while he was confined at the Wayne County Jail. Petitioner is being held as a pretrial detainee in *People v. Berry*, Wayne Co. Cir. Ct. Case No. 17-005237-01-FH, in which he is charged with malicious destruction of a building in violation of Mich. Comp. Laws § 750.3803. Prior to his current incarceration, Petitioner was in federal custody pending competency proceedings in *United States v. Berry*, E.D. Mich. Case No. 2:15-CR-20743, in which he is charged with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). In his pleadings, Petitioner challenges the State's authority to remove him from federal jurisdiction, as well as his continued confinement in state custody.

The Court dismisses without prejudice the Petition for a Writ of Habeas Corpus, denies a

certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

On April 13, 2018 Petitioner filed a Motion for Hearing and Issuance of Writ of Habeas Corpus. That motion is denied as moot.

## II. Federal and State Proceedings

On August 25, 2016, the federal district court conducted a competency hearing and found Petitioner incompetent to stand trial in his federal criminal case. The court ordered his civil commitment and hospitalization. *United States v. Berry*, E.D. Mich. Case No. 2:15-CR-20743. The court also conducted a second competency hearing to determine whether Petitioner's competency could be restored with medication and took the matter under advisement. On August 31, 2017, the court ordered the administration of medication with certain conditions. *Id.* The federal case remains pending.

In the midst of his ongoing federal proceedings, Petitioner was transferred to state custody pursuant to a detainer.[1] After a preliminary examination, Petitioner was bound over for trial. The state trial court ordered that Petitioner be evaluated to determine his competency for trial and for criminal responsibility. The state court conducted a competency hearing on January 25, 2018 and set a review date for April 26, 2018. *People v. Berry*, Wayne Co. Cir. Ct. Case No. 17-005237-01-FH. As noted, Petitioner is currently confined at the Midland County Jail.

## III. Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily

---

[1]This Court takes judicial notice of the information provided by a search of the Wayne Circuit Court website, https://cmspublic.3rdcc.org. *See Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003) (citing 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5106).

review of a federal habeas case and to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial or to raise double jeopardy issues, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted).

Thus, while 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state

3

procedures available to the petitioner. *Christian*, 739 F.3d at 298; *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, as acknowledged by Petitioner, there is an ongoing state criminal prosecution pending in the Wayne County Circuit Court. In that proceeding, the court arraigned Petitioner, conducted a competency hearing, and scheduled a review. Second, the state criminal proceedings involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity for Petitioner to raise constitutional challenges. If he does - and the state trial court denies or otherwise fails to consider his claims - Petitioner may pursue an appeal in the state courts and/or seek collateral review in the state courts under Michigan law.

Abstention is appropriate unless one of three exceptions to the *Younger* abstention doctrine applies: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611), or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions are interpreted narrowly. *Zalman*, 802 F.2d at 205.

Even if extraordinary circumstances exist to warrant federal court intervention in an ongoing

4

state criminal prosecution, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *Braden*, 410 U.S. at 490; *Phillips v. Hamilton Co. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins*, 644 F.2d at 546.

Petitioner fails to establish that any of the exceptions to *Younger* abstention applies to his case. He does not allege facts which show that the state proceeding is motivated by an improper purpose; he does not challenge the constitutionality of a state criminal statute; and, he does not allege facts which indicate a pressing need for immediate federal relief. State court records show that the trial court conducted a competency hearing on January 25, 2018 and the matter is set for review on April 26, 2018. Petitioner's state criminal proceedings are moving forward and any constitutional issues may be resolved through that process. While Petitioner expresses concern about his ability to litigate his federal criminal case and/or pursue additional matters in federal court, he fails to show that his custody is an impediment to such endeavors. To the contrary, Court records reveal that Petitioner filed several pleadings in his federal criminal case and that he has filed additional cases in federal court.[2]

Petitioner fails to establish that extraordinary circumstances warrant this Court's intervention in his state criminal case. Moreover, Petitioner fails to show that he exhausted available state court remedies before seeking federal habeas relief.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings and confinement in state custody is premature and that he is not entitled to

---

[2]The Court notes that Petitioner previously filed a federal habeas action concerning his pending state prosecution, which was similarly dismissed without prejudice. *Berry v. State of Michigan, et al.*, No. 2:17-CV-12738 (E.D. Mich. Sept. 1, 2017) (Edmunds, J.).

federal habeas relief at this time.  The Court **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Id*.

Reasonable jurists would not find the Court's procedural ruling debatable and Petitioner fails to make a substantial showing of the denial of a constitutional right.  The Court **DENIES** a certificate of appealability.

The Court concludes that an appeal from this decision cannot be taken in good faith.  *See* Fed. R. App. P. 24(a); the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

Finally, Petitioner's Motion for Hearing and Issuance of Writ of Habeas Corpus is **MOOT**.

**IT IS SO ORDERED**.

                                                                       S/Victoria A. Roberts
                                                                       VICTORIA A. ROBERTS
                                                                       UNITED STATES DISTRICT JUDGE

Dated: April 6, 2018